UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

COMMONWEALTH OF MASSACHUSETTS,

                         Plaintiff,

v.

KANE SCRAP IRON & METAL, INC.,

                         Defendant.

Case No.  3:20-cv-30180

**CONSENT DECREE**

WHEREAS, Kane Scrap Iron & Metal, Inc. ("Kane") operates a scrap iron and metal recycling and processing facility at 184 East Meadow Street, Chicopee, Massachusetts (the "Facility");

WHEREAS, the Commonwealth of Massachusetts ("Commonwealth"), acting through the Office of the Attorney General ("Attorney General's Office"), alleges in its Complaint that Kane has discharged industrial stormwater contaminated with lead and other pollutants from the facility into the City of Chicopee's municipal storm drain system, which discharges into the Chicopee River, a major tributary of the Connecticut River, without complying with the federal stormwater permit issued by the United States Environmental Protection Agency ("Stormwater Permit"), in violation of the Federal Clean Water Act, 33 U.S.C. §1331(a); *et seq*. (the "Clean Water Act" or "the Act");

WHEREAS, on September 12, 2019, the Attorney General's Office provided notice of the alleged violations and of the Attorney General's Office's intention to file suit against Kane ("Notice") to the Administrator of the United States Environmental Protection Agency ("EPA");

1

the Administrator of EPA Region 1; the Massachusetts Department of Environmental Protection; and to Kane, pursuant to Section 505 of the Federal Clean Water Act, 33 U.S.C. §1365;

WHEREAS, today the Attorney General filed a complaint against Kane in the United States District Court, District of Massachusetts;

WHEREAS, following receipt of the September 12, 2019 Notice, Kane has taken certain steps, including steps to improve materials handling and storage procedures, dispose of non-recyclables, conduct staff training, construct new berms and covers, and improve pollutant sampling procedures;

WHEREAS, Kane anticipates that these steps, together with the implementation of the measures set forth herein and in Kane's Stormwater Pollution Prevention Plan ("SWPPP") for the Facility, will enable it to comply with the requirements of the Federal Clean Water Act;

WHEREAS, Kane has alleged and demonstrated that based upon its income and financial resources, it is unable to make an appropriate payment for the violations alleged;

WHEREAS, the Commonwealth has determined that Kane is eligible for consideration of a significantly reduced payment;

WHEREAS, the Attorney General's Office and Kane have reached an agreement to resolve the ligation; and

WHEREAS, this Consent Decree shall be submitted to the United States Department of Justice for the 45-day statutory review period, pursuant to 33 U.S.C. § 1365(c).

NOW THEREFORE, based on the Joint Motion of the Parties for Entry of this Consent Decree, and before taking any testimony and without the adjudication of any issues of fact or law except as provided in Section 1 (Jurisdiction and Venue), it is ADJUDGED, ORDERED AND DECREED, as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the parties and the subject matter of this action pursuant to Section 505(a)(1)(A) of the Federal Clean Water Act, 33 U.S.C. § 1365(a)(1)(A), and 28 U.S.C. § 1331 (an action arising under the laws of the United States). Venue is proper in the District of Massachusetts pursuant to Section 505(c)(1) of the Federal Clean Water Act, 33 U.S.C. § 1365(c)(1).

2. The Complaint alleges facts that, if proven, would constitute good and sufficient grounds for the relief set forth in this Consent Decree.

## II. EFFECTIVE DATE

3. The effective date of this Consent Decree ("Effective Date") shall be when the Court enters the Consent Decree on the docket.

## III. PARTIES BOUND

4. This Consent Decree shall constitute a binding agreement between the parties, and Kane consents to its entry as a final judgment by the Court and waives all rights of appeal upon its entry on the docket. If the Court declines to enter this Consent Decree on any ground except one related to form, this Consent Decree is voidable at the option of either party within fourteen (14) days of the Court's decision. If, on the other hand, the Court determines that substantive modifications to this Consent Decree are necessary prior to the Court's entry of it, the parties shall enter into good faith negotiations to discuss the modifications, and this Consent Decree shall be void unless the Commonwealth and Kane agree otherwise in writing within fourteen (14) days of the Court's decision.

5. The provisions of this Consent Decree shall apply to and bind Kane and any person or entity acting by, for, or through Kane, including Kane's managers, directors, officers,

supervisors, employees, agents, servants, attorneys-in-fact, successors, and assigns, and those persons in active concert or participation with Kane who receive notice of this Consent Decree.

6. Kane shall provide a true copy of this Consent Decree to all of its managers, directors, officers, supervisors, employees, and agents whose duties might include compliance with any provision of this Consent Decree. Kane shall also provide a copy of this Consent Decree to any contractor retained by it to perform work required under this Consent Decree and shall condition any such contract on the contractor's performance of the work in compliance with the terms of this Consent Decree.

7. For three (3) years following the Effective Date, no change or transfer in ownership, management, or operation of the Facility, whether in compliance with the procedures of this Paragraph or otherwise, shall relieve Kane or its managers, officers, directors, agents, and/or servants of any obligation under this Consent Decree. At least thirty (30) days prior to any such change or transfer of ownership, management, or operation of the Facility that occurs within three (3) years of the Effective Date, Kane shall provide a copy of this Consent Decree to the proposed transferee or new manager or operator and shall simultaneously provide written notice of the prospective change or transfer in ownership, management, or operation of the Facility, together with a copy of the proposed written change or transfer agreement, to the Attorney General's Office in accordance with Section X (Notices) of this Consent Decree. Any attempt to change or transfer ownership, management, or operation of the Facility without complying with this paragraph shall constitute a violation of this Consent Decree.

8. Kane shall not violate this Consent Decree, and Kane shall not allow its officers, directors, agents, servants, attorneys-in-fact, employees, successors, assigns, or contractors to violate this Consent Decree. In any action to enforce this Consent Decree, Kane shall not raise as

4

a defense the failure by any of Kane's managers, directors, officers, supervisors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

9. In addition to any relief specifically provided in this Consent Decree, Kane understands and agrees that violations of this Consent Decree may by punishable by contempt pursuant to an appropriate civil contempt proceeding.

## IV. PAYMENTS

10. By no later than October 1, 2021, Kane shall pay to the Connecticut River Conservancy, as fiscal sponsor for the Chicopee River / Four Rivers Watershed Council, the sum of fifteen thousand dollars ($15,000) to fund projects to improve water quality in the Chicopee River. The payment shall be made by certified check, treasurer's check, or bank check and sent to Andrew Fisk, Executive Director, Connecticut River Conservancy, 15 Bank Row, Greenfield, MA 01301. Evidence of Kane's payment to the Connecticut River Conservancy shall be contemporaneously provided by Kane to the Commonwealth pursuant to Section X (Notices).

11. Within fifteen (15) days of the Effective Date, Kane shall reimburse the Attorney General's Office in the amount of twenty-five thousand dollars ($25,000) to defray the Attorney General's Office's costs, including attorney fees, incurred in connection with its work on this matter. Payments should be made by wire transfer referencing this action to the following account:

Commonwealth of Massachusetts, Office of Attorney General

Reference: Commonwealth v. Kane - Costs

## V. INJUCTIVE RELIEF

12. Kane agrees to operate the Facility in compliance with the applicable requirements of the Stormwater Permit, including any amendments thereto, and with the Federal Clean Water Act.

13. <u>Industrial Stormwater</u>

    a. *Improve Pollutant Reduction Measures.* Kane will direct and properly control stormwater at the Facility to minimize pollutants in stormwater discharges from the Facility. Specifically, Kane will take the following actions by the following dates:

    i. By the Effective Date,

        a. complete all goals included in the Corrective Action schedule of March 19, 2020 (attached hereto) or provide a written description of equivalent alternative stormwater control measures implemented;

        b. submit a Notice of Intent to United States Environmental Protection Agency that properly designates all outfalls; and

        c. prepare documentation of trainings provided to employees according to their duties, with a brief description of the topics covered.

    ii. Within two (2) months of the Effective Date, for each parameter that continues to exceed benchmarks, submit a report to the Attorney General's Office that:

        a. identifies the potential sources of contamination;

      b. describes Kane's planned corrective actions; and

      c. provides a schedule for implementation of corrective actions that does not exceed 12 weeks.

Corrective actions must be designed to achieve benchmark limits. Examples of acceptable corrective actions include but are not limited to the construction of additional berms, cover, and containment. Should it become evident that these measures are or will be inadequate, then corrective actions should include methods such as structural controls to capture and treat stormwater prior to discharge.

## VI. FACILITY ACCESS AND SUBMISSION OF RECORDS

14. Kane shall permit the Attorney General's Office to visit the Facility during normal daylight business hours during each year for the three (3) years following the Effective Date, provided that the Attorney General's Office provide at least twenty-four (24) hours of prior notice. During any site visit, the Attorney General's Office shall have access to and permission to copy any documentation required to be kept on site by the Stormwater Permit and may collect samples and take photos at the Facility.

15. For a period of three (3) years following the Effective Date, Kane shall provide the Attorney General's Office with the following documents in accordance with Section X (Notices), below:

      a. Copies of all documents Kane submits to EPA, the Commonwealth of Massachusetts, and/or the Town of Chicopee concerning Kane's stormwater controls or the quality of Kane's stormwater discharges, including but not limited to all documents and reports submitted as required by the

        Stormwater Permit. Such documents and reports shall be sent to the Attorney General's Office on the same day that they are submitted to the governmental entity.

    b.    All maintenance records for the Facility's stormwater pollution control systems. Maintenance records will be provided within ten (10) business days of Kane's receipt of a written request by the Attorney General's Office.

    c.    Timely written notice of any planned or completed changes to Kane's stormwater control measures, with dates of anticipated or completed changes.

    d.    Current copies of Kane's SWPPP within three (3) business days of a request by the Attorney General's Office.

    e.    Laboratory reports and analytical results of stormwater sampling performed by or for Kane within ten (10) business days of receiving the reports.

16.    Any information provided by Kane may be used by the Commonwealth in any proceeding to enforce the provisions of this Consent Decree and as otherwise permitted by law.

17.    The Consent Decree in no way limits or affects any right of entry and inspection or any right to obtain information held by the Commonwealth of Massachusetts or any of its branches, departments, agencies, or offices pursuant to applicable federal or state laws, regulations, or permits, nor does it limit or affect any duty or obligation of Kane to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits.

## VII.  INTERESTS AND COLLECTIONS

18. If any payment required pursuant to this Consent Decree is late or not made, Kane shall pay interest on any overdue amount for the period of such nonpayment at the rate of twelve percent (12%) per annum pursuant to G.L. c. 321 § 6B, computed monthly, and shall pay all expenses associated with collection by the Commonwealth of the unpaid amounts and interest for any period of nonpayment after the payment obligation becomes due, including reasonable attorney fees.

## VIII. EFFECT OF CONSENT DECREE

19. Upon compliance by Kane with the requirements of this Consent Decree, (a) this Consent Decree shall resolve Kane's liability for the specific legal claims alleged against it in the Complaint, and (b) the Commonwealth shall release Kane from liability for the specific legal claims alleged against it in the Complaint. Notwithstanding the foregoing, the Commonwealth expressly reserves all claims for injunctive relief for violations of all the statutes and regulations referred to in this Consent Decree, whether related to the specific legal claims resolved by the Consent Decree or otherwise.

20. Nothing in this Consent Decree (a) shall bar any action by the Commonwealth on any legal claim not specifically pleaded in the Complaint or for any violations not revealed to the Commonwealth; (b) shall be deemed to excuse non-compliance by Kane, or any of the persons or entities otherwise bound by this Consent Decree with any law or regulation; or (c) shall preclude a separate or ancillary action by the Commonwealth to enforce the terms of this Consent Decree or any permit or other approval issued by the Massachusetts Department of Environmental Protection or EPA relative to the Facility.

21. This Consent Decree is not a permit, or a modification of any permit, under any federal, state, or local laws or regulations. Kane is responsible for achieving and maintaining complete compliance with all applicable federal, state, and local laws, regulations, and permits; and Kane's compliance with this Consent Decree shall not be a defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The Attorney General's Office does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Kane's compliance with any aspect of this Consent Decree will result in compliance with provisions of any federal, state, or local law, regulation, or permit.

22. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a party to this Decree.

### IX. MISCELLANEOUS

23. Kane understands and agrees that, pursuant to 11 U.S.C. § 523(a)(7), the costs or sums that Kane may be required to pay under this Consent Decree are not subject to discharge in any bankruptcy.

24. Kane shall pay all expenses, including reasonable attorney fees and costs, incurred by the Commonwealth in the enforcement of this Consent Decree against it.

25. Nothing in this Consent Decree shall prevent Kane from taking any action otherwise required by law.

26. The titles in this Consent Decree have no independent legal significance and are used merely for the convenience of the parties.

27. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or State or Federal holiday, the period shall run until the close of business on the next Business Day.

28. Kane is responsible for complying with this Consent Decree and is liable for violations of this Consent Decree.

29. Signature of the parties transmitted by scanning and email are binding.

## X. NOTICES

30. Unless otherwise specified in this Consent Decree, notices and submissions required by this Decree shall be made in writing by email to the following addresses:

> For the Attorney General's Office and the Commonwealth:
>
> Nora J. Chorover
> Special Assistant Attorney General
> Environmental Protection Division
> Office of the Attorney General
> One Ashburton Place, 18th Floor
> Boston, MA 02108
> Nora.chorover@mass.gov
>
> For Kane:
>
> Robert E. Kane, Jr., President
> Kane Scrap Iron & Metal, Inc.
> 184 E. Meadow Street
> Chicopee, MA 01013
> kanescrap@gmail.com

or, to such other place or to the attention of such other individual as a party may from time to time designate by written notice to the other parties to this Consent Decree.

## XI. INTEGRATION

31. Except as expressly set forth in this Consent Decree, this Consent Decree sets forth all of the obligations of the parties and represents the complete and exclusive statement of the parties with respect to the terms of the settled agreement embodied by this Consent Decree; any other representations, communications, or agreements by or between parties shall have no force and effect.

## XII. MODIFICATION

32. The terms of this Consent Decree may be modified only by a subsequent written agreement signed by the parties. Where the modification constitutes a material change to any term of this Consent Decree, it shall be effective only by written approval of the parties and the approval of the Court. The Commonwealth's decision to extend a deadline in this Consent Decree shall not constitute a material change for purposes of this Paragraph.

## XIII. AUTHORITY OF SIGNATORY

33. The person signing this Consent Decree on behalf of Kane acknowledges: (a) that he or she has personally read and understands each of the numbered Paragraphs of this Consent Decree, including any Appendices attached to it; (b) that, to the extent necessary, Kane's managers, directors, officers, and shareholders have consented to Kane entering this Consent Decree and to its entry as a Final Judgement; and (c) that he or she is authorized to sign and bind Kane to the terms of this Consent Decree.

## XIV. RETENTION OF JURISDICTION

34. The Court shall retain jurisdiction over this case for purposes of resolving disputes that arise under this Consent Decree, entering orders modifying this Consent Decree, or effectuating or enforcing compliance with the terms of this Consent Decree.

## XV. FINAL JUDGEMENT

35. Upon approval and entry of this Consent Decree by the Court this Consent Decree shall constitute a Final Judgement of the Court.

Office of the Attorney General

By: Nora J. Chorover, SAAG    Dated: 11/18/20

*[signature]*

Kane Scrap Iron & Metal, Inc.

By: *[signature]*    Dated: 11/6/20

By the Court:

*[signature]*

United States District Court

Dated: 1/11/21

13